Good afternoon, counsel. I'm Judge Dennis, together with Judge King and Judge O'Hall who will be your panel for this case, which is Flight Training International v. Federal Aviation Administration. We'll start with Ms. Coley. Jennifer Coley, Your Honor. Ms. Coley, you're first up. Yes, Your Honor. Is the court ready? Yes. Thank you. May it please the court. I'm saying we're ready. We need some explanation. I think I do. Go ahead. I'm sorry. May I proceed, Your Honor? Yes. Thank you. Jennifer Coley for Flight Training International. Your Honors, this appeal arises out of FAA action, which must be set aside because it contravenes controlling regulations, substantively changes the requirements for pilot licensing, and does so without going through the requisite notice and comment process. My client trains pilots for licensing. For a decade, my client has trained hundreds of pilots to receive a credential called an Airline Transport Pilot Certificate. This is a certificate that enables a pilot to fly a broad category of aircraft, much like a driver's license enables you to drive a car, or a law license enables you to practice different types of law. This stands in contrast to a type rating. A type rating is a type-specific certificate, which certifies a pilot as an expert in a particular type of plane, like a board certification. Now, if you want to fly a Boeing 737 for United Airlines, you need both the Airline Transport Pilot Certificate and a type rating. With the regulatory backdrop in place now, for a decade, the FAA has approved my client's program to train and certify pilots for the ATP certificate, and hundreds of pilots have gone through the program. The order at issue here says no more. It says that my client may not award a pilot an ATP certificate unless we also award that pilot a type rating, unless the pilot happened to take his flight test in a non-type rated airline. Can I ask you a question? Yes, ma'am. Who decides whether the test for an ATP is in a type rated aircraft? Who makes that decision? Your Honor, the pilot can make that decision, or the training center can make that decision. If you sign up for a program where you are taking a test in a type rated simulator, then that's the airplane you're going to use. So what you're saying is the customer, in effect, is the one who decides whether the test is going to be in a type rated aircraft. I have to say I've done a lot of work on this case, and I just do not understand how someone gets in this situation. That's when I ask you the question, who decides whether the test for an ATP is in a type rated aircraft, your answer is who? Either the training center or the customer, but your Honor, if I may explain, the reason that people get in this situation is there are all sorts of pilots, like military pilots, for instance, who want to obtain an ATP without a type rating, and the regulations expressly permit this. There are three reasons that the order contravenes the regulations. First, the regulations entitle a pilot to a certificate or a rating if the pilot satisfactorily accomplishes the requirements for that certificate or rating. They're independent. Now, two, and interrelated, under the regulations, it is entirely possible to meet all requirements for an ATP, but not a type rating, while taking your flight test in a type rated airplane. The order adds requirements to the ATP and takes away requirements from the type rating that exists in the regulations, and rounding those out, for every single pilot in which the pilot is entitled to the ATP, but not the type rating, the order now tells that pilot, many of whom, the hundreds who go through our program, want just the ATP. The order tells us that we cannot award the ATP to which the pilot is entitled. We can no longer do that, despite the regulatory entitlement, which does our program, or we have to award a type rating to which that pilot is not entitled, and let me walk you through some examples of precisely why this is the case. Before you do, I want to make sure I heard your premise correctly. You're saying that there is something in federal regulations that entitle pilots to the opportunity to get the ATP certificate without getting a TR rating, that they have that right. What regulation does that? Yes, your honor. That is 6113A4. 6113A4 creates an entitlement when a pilot is satisfied the certificate, the credentialing requirements and training requirements for a certificate or rating to that certificate or rating. It says or. You're saying that the word or sets up a right of a pilot to get only one license, and for some reason they specifically don't want some other license. The word or is what gives them that right? Combining, coupling that with the entire regulatory framework in which the requirements for the ATP exist entirely independently of the requirements for the type rating, and the requirements for the ATP have no connection to and are not in any way conditioned on one meeting the requirements for a type rating. Out of curiosity, is there some harm that a pilot would receive if they got a certificate that they didn't want? There'd be huge harm, your honor. If a pilot got a certificate that they were not entitled to, then you're sending out a pilot as credentialed. No, that's not what I asked. What I asked was, is there a harm to a pilot who only wants one certificate and instead they get both? Understood, your honor. Yes, your honor, because the pilot has to go through more training, more time and more expense to get that additional training. And I'll point you to some precise examples of that in the rules. So if you look at 157, which governs pilot flight proficiency, 157A2 covers what you need for flight proficiency to get an ATP. And much like the rest of the regulatory framework for the ATP, it's general as to category and says you have to meet knowledge and experience requirements that are category wide and not tethered to any specific type of plane. The requirements for the type rating are different. If you go to 157B and C, your honors, it says if you want to add or concurrently obtain a type rating, you have to meet additional type specific training requirements. Part B says to meet the flight proficiency requirements for the flight for a type rating, you must meet these type specific training requirements that don't exist for the ATP. I think I understand what you're saying, but what's to prevent a pilot from getting, going to a school, for lack of a better word, a trainer, to get the ATP certificate, but on a plane that is not a TR type plane? A pilot could certainly do that, but nothing in the regulations says that the pilot has to do that. And what the regulations do say is when the pilot meets all the requirements for an ATP. I guess what's confusing to me is essentially under the FAA rule, I suppose it's potential windfall to the pilot. I don't see how this harms the pilot. It harms the pilot. Perhaps that doesn't matter to your argument, but what I'm hearing you saying, this is bad, not just for you guys, but for pilots. That's what I'm not understanding. How is this bad for pilots? Well, first, it doesn't matter, your honors, right? But second, it is bad for pilots because there are all sorts of pilots, again, including the hundreds who've chosen to go through our program, who maybe because they have lots of flight experience, they want to get a job for an airline, and they don't know what type of plane they're going to fly. And the airline is going to put them through a specific training program. Those pilots don't want to go through the expense and training now to get the type rating that might be useless to them, but they want to get their flight test in the type of plane, the broad category of plane they're used to flying for the military. So they're not going to go do an ATP flight test in a light twin because that's not what they've ever flown before. They want to show, just like somebody who's taking the bar exam shows general proficiency category-wide, they want to show general proficiency category-wide and get their ATP. And again, the ATP requirements, they exist in Section 153 and 157A2 and 159. Every one of those is category-wide. It's general. It's like getting a driver's license to drive any type of car, getting a law license to practice any type of law. That's different from the much more type-specific requirements. And if you look at 157B, the only exception to which is C, which is that you've gone through a specific type program. So the arguments, the theory that applicants, pilots, have a regulatory right to get a particular certificate and only that certificate. They don't want any other certificate. You're saying that comes from this 61.13A4? Your Honor, it's coupling that with the ATP regulations versus the type regulations and the requirements in them. The reason why you have an entitlement to the ATP, if you go through our program, is you met the requirements for the ATP, but you have not met the requirements for the type rating. Your Honor, if you look at, again, 157B and C, if you look at 61.31H, if you look at 61.63, and if you look at the Airman Certificate Standards page of the Appendix 271 and 272, every single one of those confirms that there are additional type-specific training requirements to obtain a type rating. What prevents the FAA from, I get that there are lots of different provisions that detail the various requirements for the different kinds of certificates. Understood that all. What I'm not clear on is what regulation prevents the FAA from essentially what you're describing as a forced bundle. Why can't the FAA force bundle? Two reasons. Number one, Your Honor, they didn't go through notice and comment rulemaking. This is a substantive change in the requirements for flight licensing. Under the regulations for a decade, my client was approved to do this program consistent with the regulations. The program met every requirement for the ATP, but not every requirement for the type rating. And they didn't meet the additional training requirements provided in the regulations for a type rating. And for every one of those pilots, the regulations, 61.13A.4, entitled that pilot to the ATP but not the type rating. If they wanted to change the underlying requirements for licensing, adding the type rating requirements into the ATP or erasing the type rating requirements from the type rating, they needed to go through the notice and comment process. This Court's precedent is clear that when you make a new rule that's inconsistent with regulations that went through the notice and comment rulemaking, like all of these ATP requirements, type rating requirements, and entitlement provision that I've been discussing. When you change substantive rights and licensing requirements, you have to go through notice and comment rulemaking. They didn't do that. And to any extent this could be deemed interpretive, which it's not, it can't stand because they're directly taking away the entitlement. They're directly changing the requirements you need for an ATP under the regulations, which again, 153, 157A, 2, and 159 set forth the ATP requirements, which are distinct from the more onerous and type-specific type requirements in 157B and C, different provisions there that say you need type-specific training. Type-specific training that's not required for the ATP. I'll give you one more example of this, and then I'd love to save a little bit of time for rebuttal if I may, Your Honors, and that's simulator use. The regulations provide that a pilot may use a simulator to take a practical test, but what they say, 6164, is the pilot can use a simulator for the ATP without question. For a pilot to use a simulator for a type rating, the pilot has to meet other requirements. That presents yet another example, like the pilot who hasn't gone through the additional type-specific training requirements, of a pilot who meets all requirements for an ATP, but not the requirements for a type rating, regardless of what type of plane that pilot takes the test in. And that pilot is entitled under these regulations, and we are required to give that pilot the ATP certificate to which he's entitled, but not the type rating. This regulation, this order, must be set aside because it changes the requirements for the ATP from what the regulations say, adding in new requirements that don't exist in the regulations. It takes away type rating requirements. It takes away the express entitlement for every single pilot who meets the type rating requirements, but not, I mean, sorry, excuse me, meets the ATP requirements. What do you mean by take away, the diluting of requirements? Because if I'm looking at the order correctly, I'm looking at Record Exhibit 18 and 19, which is the order that you're challenging. Doesn't the order expressly reference all these various requirements? So look, I get your forced bundle argument. We'll look at that on its own. But the notion that BFA is diluting what standards and what training pilots need to have for the various certificates, that's the part I'm not really understanding, given Record Exhibit 18 and 19. Your Honor, the reason why they're diluting it, there are only two options here. To be clear with my question is, 18 and 19 seem to say that TCEs have to comply with the various requirements that you've talked about. They expressly reference these various provisions, don't they? They do, but then they say that you must issue the type rating with the ATP, which does one of two things. Okay, that goes back to your forced bundle point. I get that argument. Yes, Your Honor. It either denies a pilot of the ATP to which he's entitled, or gives a pilot a type rating to which he is not entitled, because the regulatory requirements for the two are not the same, and the type rating bears additional type-specific requirements. First, it has a different flight test under 157B, but even beyond the flight test— But 157 is expressly referenced. 157 is expressly referenced, and 157 is—even the Airman Certificate Standards, if you look at Appendix 271 and 272, make clear, what 157 says, if you look at B and C, is that there is additional training required for type rating that is not required for an ATP, and that is type-specific training. And the order makes clear, I thought—this is why I'm trying to ask you for help here—doesn't the order specifically say that you have to comply with any number of provisions, including 157? I'm just looking at the top of RE19. Yes, Your Honor, this is why the order can't be reconciled with the regulations, is because the training in Part B and C for a type rating is not required in Part A for—or anywhere else in 153 or 159 for an ATP. So to the extent the order—Your Honor, if I may have a minute for a rebuttal, and may I answer your question? Ms. Carter, you've exceeded your time. Yes, Your Honor. You'll have some time on rebuttal. Thank you, Your Honor. Ms. Carter, why shouldn't we decide that this is a substantive rule that was improperly adopted, and therefore we grant review, and they can go back and do it over? Yes, Your Honor. Something like that. The answer to that is that this rule just says more clearly what FAA regulations have said all along. So I'd like to take a step back, if I may, and explain what's going on here, because this is very technical. But this has always been in the regulations. So it's, I think, common ground. The statute and regulations make clear if a pilot earns a type rating, the administrator has to give it to him or her. That's 49 U.S.C. 44703A and 14 CFR 61.13A4. So if the pilot earns the type rating, they have to get it. Now, when FTI's employees carry out the test, they're actually exercising delegated authority from the administrator to conduct this test. And so just like the administrator, if somebody earns the type rating, they have to get the type rating. So now under the regulations, there is simply no way that somebody can meet all of the requirements for an airline transport pilot's certificate in a type rated aircraft without also earning the type rating. This doesn't add anything extra. You have to meet all of those requirements to get an airline transport pilot's certificate in a type rating aircraft. So the type rating requirements, we see those at 14 CFR 61.153B. It says ground and flight training on the areas of operation in 157E. That's the same areas of operation that are there for the airline transport pilot's exam. Then you need a logbook endorsement that just says you completed the training. And then you have to pass the practical test. The practical test you have to pass is the airline transport pilot's certificate test. You can see that at 14 CFR 61.157A1.5. The practical test for an airline transport pilot's certificate is given for an aircraft type rating. That's everything you have to do to get the concurrent type rating. There's no other requirement here. They mentioned 61.63, 14 CFR 61.63. That applies if you're getting the type rating without the airline transport pilot's certificate. And even there, what you do is you take the same test that you would take for the airline transport pilot's certificate. So the airline transport pilot's certificate, that credential, that's a very big deal. That's what lets you fly for a major airline with the passengers in the back whose lives depend on you. The requirements for that are at 14 CFR 61.153. And you'll see those requirements are much more extensive. There are age and experience requirements. You have to go through a training program that's set out in, I don't want to throw out too many regulations, but 61.153E, which requires training on everything in 61.156. They have to pass a written knowledge test. That's set out in 14 CFR 61.155. I'm happy to go through any other requirement that FTI points to. But the bottom line is the requirements for an ATP are extensive, which makes sense because this is the credential that lets you fly for a major airline. Now, you don't have to get this certificate in a type rated aircraft, but whatever aircraft you choose, you have to be master of that aircraft. You have to show mastery. You have to be able to do everything in the airman certification standards in that aircraft. And that means that you've satisfied the requirements, both for the airline transport pilot certification and for the type rating. Now, of course, there are times when you can get one, but not the other. You might want the type rating, but not be qualified for the airline pilot certificate, in which case what you do is you take the airline pilot test in the type rated aircraft. So you can get just the type rating if you don't meet the requirements to fly for an airline. You can also get just the airline transport pilot certificate if you want to take that test in a non-type rated aircraft. And you can add on another type rating. So you might first take the test in the Boeing 737 and get your airline license with the Boeing 737 type rating. And later you want to fly 767, so you can add on another type rating. There are lots of situations where you can get one, but not the other. But everything you need to do to get both at the same time, to get the type rating at the same time as the airline transport pilot certificate, that is in 61.157B. And there is just no way that you can get the ATP without also satisfying those requirements. If I understand you then, the purpose of the order, or the challenge provision of it anyway, is for those pilots who have in fact met all the regulatory requirements for both the ATP and the particular type rating, that the FAA is essentially saying the TC must then go ahead and issue both of those certificates. That's sort of what you're trying to do with this order? That's exactly right, Your Honor. Go ahead, sorry. I was just going to say that's always been required because the test center examiner is exercising authority delegated from the administrator of the FAA who has to issue any credential type rating certificate that the pilot is entitled to. That's your point is that's the entitlement under what, 61.113A4 that we were talking about earlier. Your point is you're actually vindicating that entitlement through this order. So if the idea then is, because I want to make sure, the only thing that might trouble me, if what you're saying is so long as any pilot is in fact going through and getting all the requirements for both ATP and the type rating, that's the only fact pattern you're trying to cover. If you meet all the requirements, then you should in fact get both, not have to take another test, or not have to take another course. Then just to be clear, then the order is not in any way diluting the standards for a TR. Specifically, I want to make sure I've understood RE19 correctly. You have to comply with all the requirements of 157 and 63. There's nothing in the order that dilutes that, right? That's right, Your Honor. Just to be clear, 61.63, that regulation applies if you don't, if you're not getting a type rating at the same time. If you're getting them together, that's 61.157B. But yes, you have to comply with all of those requirements. We're not taking away any requirements. I can't just come in and say I want an ATP, and then I want to take my practical test in one of those more complicated planes, but I don't want to do anything that really qualifies me for applying for a commercial airlines in a complex airplane. This order does not, it does or does not allow somebody to skip all the training and take one flight in a complex airplane and get both certificates. This does not allow anybody to skip out on training. So if you look at the requirements for the airline transport pilot certificate, this is a really big deal. At 61.157, I'm sorry, at 61.153, age requirements, language requirements, moral character requirements, you have to already have either a commercial certificate, military experience, a foreign pilot's license. So you have to have already been flying at a high level. You have to, this is E, go through training from an authorized training provider on everything in 61.156, which builds in, by the way, some of those high altitude requirements that FTI talks about. You have to meet aeronautical experience requirements, which are very high. You have to pass a knowledge test on everything in 61.155, which again builds in a lot of these things that FTI is suggesting is not required. Those things are definitely required. You have to pass a practical, then you have to pass a practical test on the areas of operation in 61.157E. That, of course, talks about the category and class of aircraft. But if you drill down to the actual test, which is the exact same test that's given for the type rating, the test is absolutely clear that you have to be able to do all of these things in the particular aircraft that you choose for the test. So one argument that came out in the reply brief that I found particularly concerning is that because not everything is going to be on the test, the training center doesn't have to teach people everything. That's not right. Like any final exam, the test doesn't, there won't be a question on the test for every single thing that you're supposed to know. But the pilot studies at all and the training center should teach it all because you don't know what's going to be on the final exam. You have to learn everything. So this is clear if you look at the Airman Certification Standards literally from page one, which is JA-201. It talks about the task of taxiing. And one of the knowledge elements for taxiing is you have to know the airport marking signs and lights. And the Airman Certification Standard says, that means that you have to be prepared for questions on any airport marking sign or light that is discussed in any of the reference materials for that task. So the examiner might not ask about that. They could decide to ask about pushback procedures instead. But the testing center should be training you on that. And you have to know that to fly for a major airline, to get your airline transport pilot certificate. So this is not a watering down of standards. The airline transport pilot certificate builds all of this in. Same thing with the simulator. You can do the type rating test. You can get the type rating on a simulator. That's 6164B. Now, if you don't meet certain requirements, that's accept as required in subsection F. And so you get your type rating with a limitation on it that you can get off later. But you can still get the type rating if you're doing the test in the simulator. So the key here is that the airline transport pilot certificate, it's a really big deal. It's what lets you fly for a commercial airline with the paying passengers in the back. And you have to do a lot to get this. There is nothing that they have pointed... I'm sorry, Your Honor. Was this order designed to close a gap or an area of vulnerability in your regulations that you were worried about? Were you concerned about people getting in these complex planes without really actually being qualified for them? What's the purpose of this? Why do you have that? It just interprets what was there before. So although this was there before, these regulations are complex. They're technical. There are a lot of cross-references, and people made mistakes. So what happened here is that another flight school came to FAA and said, we'd like to offer this kind of class, but we don't see how it's legal. And FAA looked and they said, well, what we'll do here is we're going to clarify this Order 8900 is where the administrator gives instructions to his designees, tells them what they need to do when carrying out the test. We're going to put that just in plain English really clearly right there in that order so there's no more confusion. So this doesn't change anything, but it does say it connects some dots and it puts it in plain English when these regulations are pretty technical and interconnected. So there's nothing that you need to do to get the type rating that you don't already have to do to get the airline transport pilot certificate in the type rated aircraft. I'm happy to answer questions on any of the particular requirements that they address. The short answer is that they're either already required for the airline transport pilot certificate or they're not required for the type rating or sometimes both. So I'm happy to answer any particular questions. Otherwise, I can rest on my brace. And so if there are no further questions, I respectfully ask the court to sign the petition. I'm still concerned. I've spent a good bit of time trying to understand this. Our two other judges have too. I don't know if they're satisfied. I'm far from satisfied that this is just an explanation of what was there already. People have been confirming any other material that could help me understand that. I just didn't get that understanding from your briefs. I'm very sorry that my brief was not able to be more clear. So in turn... I'm sorry, I'm not. I'm just saying I didn't know that. I didn't get comfortable with this. They say to me, this rule is either a new rule or a substantive rule that you didn't go through all the requirements for. Or this is an area that's hard to understand and maybe I want to allow people to slip through the system and get into these complex points without being really trained for it. Simply because they're able one time to take one up and satisfy one examiner they're home free. They can go to America or somebody and say, I'm qualified. Yep, I passed the test and I'm 747. To take a step back, this case is not about whether FTI's course is sufficient to entitle someone to an airline transport pilot certificate. If FTI's course is sufficient to do that, then if they take the test in the type rated aircraft, they have to have already met all of the type rating requirements. So the testing document, it's called the Airman Certification Standards, makes very clear that this test is based on the aircraft provided for the test. It says we're going to evaluate the applicant's knowledge, understanding, and skill based upon the airplane provided by the test, including the specific airplane systems, its components, checklists, and procedures. That's a J-284. Questions should reflect the airplane brought for the practical test, a J-284. The examiner should tailor questions for the actual airplane, J-283. The pilot must show the knowledge, management, and skills associated with airplane systems and their components and their normal, abnormal, and emergency procedures with reference to any flight standardization board report. That's J-203. Emergency situations are tested for the airplane provided for the practical test. That's a J-252. They should be tested on, they should consult the flight standardization board report for the aircraft systems at J-290. The test makes clear over and over and over what you're testing on is whether somebody has really mastered this aircraft that they're taking the test on. Just like you can take your driver's test on a stick or a manual, but if you show up with a manual, you have to really be able to drive a manual. Let me ask you again. Who decides what aircraft you're going to take the test on? That's up to the pilot. You can sign up for a class that results in you taking the test on a particular plane, but it's up to the pilot what aircraft they want to use. If they use one that requires a type rating, they absolutely have to be able to meet all of those requirements for the type rated aircraft. What you're saying is, here, the ATI, FTI, their customer comes in and says, okay, I'm going to take my test on whatever and names an airplane. That's what I don't understand. Who decides? I understand the first part of the test, the ATP part of it, but then who decides what aircraft we're going to talk about, going to do the test on? Who does that? From FAA's perspective, the pilot decides. It may be that if you take a class from FTI, you have certain aircraft options. If you want to take a test on a different aircraft, you would go to a different flight school that has that aircraft. That could be. That's not FAA's business. What you're saying is, FTI's customer comes in and says, okay, I'm your customer and I want to do my test and he names a plane. You can see I'm ignorant on what's happening here, sort of. I was too, Your Honor. I don't know exactly how FTI does it, but they have courses where you take the test on different airplanes. I assume what would happen is the pilot would sign up, for example, for the Boeing 37 test and then they would take the test on the Boeing 737. There is no separate ATP portion of the test and type rating portion of the test. The whole test is classified. You have to take them both. What you're saying is, you have to take both segments of it. There's no such thing as just coming in and doing the first part and not worrying about a specific type of aircraft. There aren't even separate segments. For example, you're tested on instrument procedures. What instruments? The ones in the airplane you're flying. You're tested on emergencies. What kinds of emergencies? The kind that the airplane you're flying might encounter. If you take the test in an aircraft that has retractable landing gear, you should know what happens if the landing gear doesn't come down. You're the one who specifies that. The testee, the person who's taking the test, says, okay, I'm taking this test in and names an aircraft. Right. The testee says, I'm taking this test in the Boeing 737. Then the examiner goes to the Airman Certification Standards, which are in the JA starting at, I believe, page 201. They give the test in the Boeing 737, meeting all the requirements for the Boeing 737, which means that, for example, they have to be able to deal with an emergency of multiple failures or abnormalities and backup instrumentation. You can see that in page 252. Is it possible for the examiner to say, no, you can't. You can't go with a 737 because you haven't had the training yet. You've got to show me something that shows you have been trained for that plane before you can take a test. Absolutely. Is that in the rule somewhere? Absolutely, Your Honor. In 14 CFR 61.153, those are the requirements to take that Airline Transport Pilot Certificate exam. There are training requirements, a knowledge test, there's an experience requirement, all that have to happen, and I said training requirements already, I think, all that have to happen before you can take that Airline Transport Pilot Certificate test. You have to have met all of those requirements to even sit down for that test. Then once you take the test, 61.43 says you have to show you're a master of whatever aircraft you use to take the test. The Airman Certification Standards, which I went through earlier, go through all kinds of different things where the examiner is asking about the particular aircraft and the particular capabilities of that aircraft. For example, you have to show that you can fly with a partial instrument panel. What partial instrument panel? The instrument panel of the plane that you're taking the test on. If you're taking the test on a Boeing 737, you have to be able to show you can fly with a partial instrument panel on a Boeing 737. You can handle that instrument panel. All of these requirements go back to the particular aircraft where you're taking the test. And you're the one that decides that. The testee is the one who decides that. The testee picks the aircraft. The FAA and its designee, the FAA does the exam, and the designee carries out the exam. Okay, got it. If I can try to sum up, as I understand your, at least your conception of the order, and I think I get it, the problem that the order is trying to solve is that you have pilots out there who have in fact met the requirements of both the ATP and the particular type rating. But for some reason, although they are now entitled under that provision we've been talking about, although they're now entitled to both under having fulfilled the requirements for both, some schools just aren't giving them both. Yeah, to my knowledge, I think FTI is the only school that is doing this. Another school brought this to our attention. You can see that at J66. But yes, so you're not getting both even though you're entitled to both. If for some reason this class doesn't entitle you to the Airline Transport Pilot Certificate, it also isn't good enough to get a type rating. Right, of course, of course. When your friend on either side says that you guys are violating 6113A4, it sounds like you're saying it's FTI that's violating sub-4, and that's the whole point of the order is pilots who have met the requirements for both should in fact get both, and the order takes care of that now. That's right, Your Honor. That's your theory of it anyway. We'll get back in the regular order, and we've exceeded your time, so I think we should give Miss Coley at least 10 minutes on the button instead of three. If there's anything you need to clarify from what your counsel officer has said. Yes, Your Honor. Thank you. A few things. To start off with what Judge Ho just said, there's a fundamental disconnect between what they're telling you and what the regulations say. We are discussing only pilots who meet the requirements for the ATP, but not the type rating. And again, the ATP requirements are in no way tethered to the type of plane you happen to take your test in. So Judge Dennis asked about whether there's a watering down of requirements here. There is absolutely, yes, a watering down of requirements. Which one? 157B and C. I've asked you now repeatedly, and I've not got an answer, which is telling to me. The order specifically refers to 157. So let me give you, I think, a third or fourth chance to answer is the order gutting 157, even though the order expressly refers to 157? Your Honor, can you explain your question to me? What provision? I'm looking at record excerpt page 19. It's referring to the order. So, I mean, the key provision that you're challenging, I think, or one of the key provisions is RE18, right? Record excerpt 18. The key provision we're challenging, Your Honor. I'm sorry if I'm using the wrong terminology. It's order 8900, right? It's the order we're talking about, 8900. Correct, Your Honor. And order 8900 says that TCEs must observe the following limitations. And it goes on to say, when conducting a practical test for the issuance of a pilot certificate in a type rated aircraft or simulator, the event should be treated as a concurrent test and the TCE must issue the pilot certificate with the type rating. Okay, right. That's the provision you're challenging. And as I understand it, your concern is that, oh, my goodness, you can get an ATP. I'm sorry, you can do the ATP test. It happens to be on a particular plane that's TR eligible. And you get the TR rating under this rule, under this order, even though you've not qualified for a TR. That's essentially your concern, right? Either that or you can get an ATP. And that's why I'm asking, that's why I'm asking what part of the regulations is being undermined. You tell me 157, but I see 157 expressly required in this order on the very next page. What's being denied, what's being denied here is the regulatory requirements for the ATP versus the regulatory requirements for the type rating. So if you compare 157A2, which says the requirements for the ATP, it is like when you take the bar exams. You talked about mastery. You might get a question on the bar exam about trust in the states. That is a general category-wide test to give you a law license, just like the ATP here. What 157B and C say is that if you want an added type rating, you must meet additional type-specific training. You read 157B. I understand that. I don't understand. What in the order guts that requirement? Either it's twofold. Either it's saying you must meet this type-specific training for the ATP when 157A2 and 153 do not require that. So it is making new requirements, new substantial requirements for the ATP that do not exist for the general category-wide ATP. The category-wide ATP only enables you to fly a broad category of plane. It does not, unlike the type rating, certify you as an expert. And I urge your honor to look at ACF standards appendix page 272 and 271. Before you do that, do you want to deal with the language that I keep signing at RE19? Yes, your honor. Sorry. The order does only one of two things. Either it requires that the 157B training be given for every ATP, which is not an ATP requirement in the regulation, so it's adding to the regulations, or it is removing the 157B and C training from the type rating, watering down the type rating. It is doing either one or the other. Either you interpret it as it is requiring the ATP applicant to meet this type-specific training that is not required in the ATP regulations. The ATP regulations, again, do not require that you meet this type-specific training. As the Airman Certificate Standards, 157B and 6131H, all three of those provisions tell you that for the type rating, in addition to the ATP requirements, you have to meet separate type-specific training. Separate type-specific training and knowledge, and you need a separate endorsement showing that you have met that type-specific training and knowledge. It is like getting a board certification. You go through your bar exam, you write an essay on trust and estates, you show a mastery of trust and estates to get the bar exam. That is different from the level of training and testing required to get a board certification. That is precisely the analogous circumstance here. Right now, the ATP requirements... So it sounds like a theory is not so much that the requirements are being gutted, it's that the requirements are too onerous. It is that the order is conflating two completely different certificates, and by conflating them, it is either making it much harder to earn your ATP, because you have to go through this additional 157B type-specific training and testing that is not required for the ATP, so it's making the ATP harder to get than the regulations provide, or it is making the type rating watered down and easier to get by taking away. And if your honor thinks that by incorporating 157, they're saying everybody has to meet the 157B training, then great, then it's the first. Then what it is doing is it is saying to a pilot, right now the regulations say to every pilot in our program, you can meet the ATP requirements, you have not met this type-specific training required in Section 157B. Again, there's a different flight test, and even if you put aside the flight test, there's different training completely apart from the flight test required for a type rating that is not required for an ATP. So by merging the two and saying you must issue one with the other, the order is telling my client we cannot issue an ATP to a student who has met every single requirement for the ATP and is thus entitled to it because they do not meet this new requirement, that is that they can afford with all type-specific training that is only required for a type rating. And again, if you looked at not only 157B, but the Airman Certificate Standards on page 271, 157 provides endorsement and training requirements for an applicant seeking a type rating. It's not for an ATP. Then the next page, 272, explains that this is incorporated into the flight test given for a type rating. It's explaining what an evaluator conducting the flight test must test for an ATP or a type rating, and it says that for the type rating, the instructor must verify that the requirements, the training requirements for the rating are satisfied for the rating, that there are additional training requirements for the rating. And again, this is, and Your Honor, the FAA is telling you that a pilot who has gone through the ATP training requirements and testing and takes the flight test on a type rated plane has met all the requirements for the ATP. That is not what the regulations tell you. If you look at these provisions I'm referencing, 157B says you need extra type training to get a type rating. 157C is the only exception to that, and it says, well, if you've already gone through a type-specific program, then you don't have to meet the extra type training. This all stands above and beyond what you're required to do for the ATP. It is like the board certification. To fly for an airline, you must have been trained and tested on all the little nuances of the type rating, as 157B, as 6131H, and as page 271 and 272 of the record for the Airman Certification Standards make clear. This is above and beyond what is required. So they're telling you that my client's students have met the requirements for the type rating. It's incorrect. They might have taken the test, which is only one small, it's only one part of the overall requirements. In a type rated plane, just like a bar exam student might have written the essay on trust and estate, but that doesn't qualify you for the much more onerous, much more rigorous type credential that says this is an expert in the Boeing 737, and the ATP requirements and the regulations do not require you to have gone through that. Now they say this is just telling you what's already existed. They're just confirming. To sum up then, you want to make sure that this order doesn't obviate the need to comply with 157 for type ratings. Only in part, Your Honor. Part is that it can't, the order, my argument is twofold. What I'm hearing from the agency today, I mean, if that's what you want out of this case, the agency lawyer is just committed to that today. Your Honor, but that's only a small part because what we do is we offer ATPs alone. And what this is telling us is that even though our pilots have met every requirement for the ATP and the regulations and not every requirement for the type rating. I'm sorry, Ms. Corey, I'm going to have to call. Can I ask? I'm sorry. Can I ask a question? Yes. Can I ask a question? Your customers, I'm saying your clients' customers, come in and what they want is an ATP certificate, generally speaking. Does your client also offer type rating training? Yes, Your Honor. You can sign up for a more expensive, more time-consuming ATP and type rating course that meets the requirements, the additional type rating training requirements we've been talking about, in addition to meeting the ATP requirements. Essentially, you're here today to fight for the ability of your client to simply sell an ATP certificate and not the rest because on the theory that whoever comes in and wants to buy an ATP certificate should be able to buy that and not the rest of this stuff. Right? Exactly, Your Honor. Not only on the theory that they should be able to, but the regulations permit one to get an ATP without a type rating and then that pilot is entitled to that ATP without a type rating, yet the order takes that entitlement away from that pilot and from my client. Yeah, and in the process, runs up the cost to your customers of what it is that you all are selling. I mean, just the ATP, a customer comes in and says, I just want an ATP certificate. That's all I want and that's all I'm paying for. And your answer is, sorry, that's not available. You've got to do more and so somehow you have to do more. But what you're basically fighting for is the ability to simply train and sell for an ATP certificate. As we have been approved to do for a decade and hundreds of years. Yes, yes, that's been the case. Okay, I got it. Got it. You're the liberty mutual of parts that don't pay more than they need. All right, got it. Okay, thank you. Thank you, Your Honor. This case is submitted and we will or we're about to pass on to the next case. Depending on my panel.